ON MOTION TO WITHDRAW
PER CURIAM.
After being found guilty by a jury of burglary and grand theft, Milton Anthony Wilks was sentenced to seven years imprisonment. Appellant was represented in the proceedings below by an assistant public *1303 Office of the Public De-defender and the fender, Second Judicial Circuit, has appeared on behalf of the appellant in this court. An initial brief was filed June 3, 1988, wherein the assistant public defender assigned to this appeal argued as the sole basis for reversal that the trial court erred in approving the reasons given by the state for its use of peremptory challenges to black potential jurors. Now the assistant public defender moves to withdraw, stating:
By letter to the undersigned, the defendant expressed extreme dissatisfaction with the quality of representation he has received, and asked that the office of the undersigned not represent him on appeal.
It is my understanding that the defendant intends to proceed pro se, or use the assistance of inmate counsel.
It is clear that an indigent defendant is entitled to court-appointed counsel for his direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The state, however, may not force the defendant/appellant to accept the services of a public defender, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Nevertheless, a court, whether trial court or appellate forum, should not permit the court-appointed attorney to withdraw and the defendant/appellant to represent himself without examining his understanding of the ramifications of his decision:
When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must “knowingly and intelligently” forgo those relinquished benefits_ Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is do-mg and his choice is made with eyes open.”
Id. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581-82 (citations omitted).
We find that the motion before us fails to meet the standards prescribed by Faret-ta. Accordingly, we deny it as facially insufficient without prejudice to the right of the Office of the Public Defender and/or the appellant acting pro se to move this court for a substitution, provided that the motion complies with the requirements of controlling case precedent.
Motion denied without prejudice.
MILLS, BOOTH and BARFIELD, JJ., concur.